IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRED WILSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DAVID VARANO, et al.[1] | : | NO.  08-4304 |

## REPORT AND RECOMMENDATION

**ELIZABETH T. HEY**
**UNITED STATES MAGISTRATE JUDGE**                                    June 26, 2009

    This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by an individual currently incarcerated at the State Correctional Institution at Coal Township, Pennsylvania.  For the reasons that follow, I recommend that the petition be dismissed without prejudice.

**FACTS AND PROCEDURAL HISTORY:**

    In late September and early October 1997, Wilson and his co-defendant, Johnell Haines, were tried for the murder of Benjamin Milla.  On October 3, 1997, the jury convicted Wilson of first-degree murder, robbery, and criminal conspiracy.  The Honorable C. Darnell Jones (now of this court) sentenced Wilson to life imprisonment for the murder and an additional 15-to-30 years' imprisonment for the additional charges.

---

    [1]Wilson has named "Superintenden of SCI Huntingdon" as the Respondent in his petition.  Wilson is currently incarcerated at the State Correctional Institution at Coal Township, Pennsylvania.  David Varano is the superintendent of the facility and is the proper respondent in this case.  See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held.").

Wilson filed a timely direct appeal, complaining that his confrontation rights were violated when, having failed to sever his trial from that of his co-defendant, the trial court admitted two redacted statements his co-defendant had given to the police. On August 20, 1998, in response to Wilson's Matters Complained of on Appeal, Judge Jones concluded that Wilson should be granted a new trial.[2] On December 16, 1999, the Superior Court affirmed the judgment of sentence. Commonwealth v. Wilson, No. 4753 Phila. 1997 (Pa. Super. Dec. 16, 1999).[3] On May 15, 2001, the Pennsylvania Supreme Court denied Wilson's request for allowance of appeal. Commonwealth v. Wilson, 782 A.2d 545 (Pa. May 15, 2001) (table).

On March 14, 2002, Wilson filed a pro se petition pursuant to Pennsylvania's Post Conviction Relief Act, ("PCRA"), 42 Pa.C.S.A. §§ 9541-9551, arguing that counsel was ineffective for failing to call certain witnesses and for interfering with Wilson's right to testify at trial. While the case was still under advisement, appointed counsel filed a

---

[2] Between the time of Wilson's trial and the time of his appeal, the United States Supreme Court decided Gray v. Maryland, 523 U.S. 185 (1998), in which the Court held that Bruton v. United States, 391 U.S. 123 (1968), extended to redacted confessions in which the name of the defendant is replaced with an obvious indication of deletion. Judge Jones found that the redaction of Haines' statement did not satisfy the standard set forth in Gray.

[3] When it issued its decision, the Superior Court relied on a Pennsylvania Superior Court case interpreting Gray that was issued after Judge Jones' opinion. Commonwealth v. Wilson, No. 4753 Phila. 1997 (Pa. Super. Dec. 16, 1999) (citing Commonwealth v. McGlone, 716 A.2d 1280 (Pa. Super. 1998), appeal denied, 1999 WL 140087 (Pa. Mar. 16, 1999), cert. denied, 528 U.S. 932 (Oct. 12, 1999)).

supplemental petition, adding a Batson claim[4] based on an alleged office-wide policy of discrimination in jury selection by the Philadelphia District Attorney's Office.  On September 18, 2007, Judge Jones dismissed the PCRA petition.[5]  Wilson filed a timely appeal, presenting only the Batson issue.  On January 26, 2009, the Superior Court affirmed the denial of PCRA relief.  Commonwealth v. Wilson, 2698 EDA 2007 (Pa. Super. Jan. 26, 2009).  On February 24, 2009, Wilson filed a petition for allowance of appeal in the Pennsylvania Supreme Court.  As of the date of this writing, that petition remains pending.  Commonwealth v. Wilson, 74 EAL 2009.

On July 21, 2008, while the appeal of his PCRA petition was pending, Wilson filed a habeas petition in the United States District Court in the Middle District of Pennsylvania.  The case was transferred to this district -- the district of his conviction and sentence -- on September 5, 2008.  The sole issue in his habeas petition is whether his right to confrontation was infringed by the admission of his co-defendant's redacted statements.  On May 18, 2009, the District Attorney filed a response, addressing the issue on the merits.

After reviewing the petition, the state court docket, and the documents provided by Wilson and the District Attorney, it became apparent that the present petition might be

---

[4]Batson v. Kentucky, 476 U.S. 79 (1986), prohibits discrimination in jury selection.

[5]A subsequent "Amended Order" was entered denying the PCRA petition on October 16, 2007.  See Commonwealth v. Wilson, CP-51-CR-0108842-1997, Docket Entries.

premature.  Although the claim that he presents in his habeas petition is exhausted, he has another claim pending in the state courts.  If the federal court were to adjudicate the current petition, Wilson would, in all likelihood, be barred from federal review of the claim pending in the state courts.  See 28 U.S.C. § 2244(b)(2) (second or successive petition subject to dismissal).  Thus, I wrote to Wilson asking if he wished to proceed with the currently filed habeas petition or await a ruling by the Pennsylvania Supreme Court on his pending PCRA appeal.  See Docket Entry 13.  I explained that if he chose to proceed with the currently filed habeas petition, it was likely that he would be precluded from raising the claim currently pending in the state court -- the Batson claim -- in any subsequently filed habeas petition.  See id.  Wilson responded that he would prefer awaiting a decision from the Pennsylvania Supreme Court before pursuing his federal remedies.  Id.

  Given Wilson's decision to await disposition of the state appeal, the next question is whether his habeas petition should be stayed pending the outcome of the state appeal, or dismissed without prejudice to refiling once the state appeal had concluded.  In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court found that a "stay and abey" procedure was appropriate when dismissal of a mixed petition (one containing both exhausted and unexhausted claims) could jeopardize the petitioner's ability to obtain federal review at a later date.

> As a result of the interplay between AEDPA's 1-year statute
> of limitations and [Rose v.] Lundy's dismissal requirement,

4

> [455 U.S. 509 (1982),] petitioners who come to federal court
> with "mixed" petitions run the risk of forever losing their
> opportunity for any federal review of their unexhausted
> claims.

544 U.S. at 275. In such cases, if the petitioner can show good cause for failing to exhaust and his unexhausted claims have potential merit, the Court approved the use of a "stay and abey" procedure. By staying the federal petition rather than dismissing it, the federal court allows a petitioner to complete the state procedures necessary to comply with the habeas exhaustion requirement without the need to re-file at a point in time that might be outside the statute of limitations. This procedure protects the concerns of both comity and finality by giving the state courts the first opportunity to address the unexhausted claims and preserving the petitioner's exhausted claims from an untimely fate if the court were to dismiss a mixed petition. Id. at 278. Whether to stay a petition under Rhines is discretionary with the district court, guided by the timeliness concerns at issue. Id. at 277-78.

In Wilson's case, there is no fear that failing to stay the federal petition will result in the running of the habeas limitations period. Wilson filed a timely PCRA petition on March 14, 2002, tolling the habeas limitations period with 152 days remaining.[6] Thus, the concerns underlying the Rhines stay and abey procedure are not applicable in

---

[6] Wilson's conviction became final when the time for seeking certiorari in his direct appeal expired -- May 15, 2001 plus 90 days for certiorari -- that is August 13, 2001. He filed his PCRA petition 213 days later on March 14, 2002.

Wilson's case.  Once the Supreme Court of Pennsylvania decides the pending petition for allocatur, Wilson will have 152 days from the date of that decision to file a timely habeas petition, in which he can include both the claim currently before this court involving the co-defendant's statements, and the <u>Batson</u> claim currently pending before the Pennsylvania Supreme Court.

In light of Wilson's decision to withdraw his petition and await the Supreme Court of Pennsylvania's decision, I will recommend that the petition be dismissed without prejudice.

Therefore, I make the following:

### **R E C O M M E N D A T I O N**

AND NOW, this 26th day of June, 2009, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED without prejudice. There has been <u>no</u> substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability. Petitioner may file objections to this Report and Recommendation. <u>See</u> Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

/s/ ELIZABETH T. HEY

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE